# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1124 | **DATE** | 2/23/2011 |
| **CASE TITLE** | Richard Miller (#2009-0034790) vs. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the supporting information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. The plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to send the plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]                                    Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

The plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court, **(CONTINUED)**

|  | mjm |
|---|---|

together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from August 17, 2010, through February 17, 2011].

The plaintiff must also submit an amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the amended pleading). The plaintiff has not named a defendant that can be sued for damages; more importantly, having read the complaint, the court remains at a loss as to the basis for suit.

The plaintiff cannot sue the State of Illinois for damages. The Eleventh Amendment bars private litigants' suits against the State, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment. *See, e.g., Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). Nor is the "Circuit Court of Cook County" a suable entity. *See Harris v. Circuit Court of Cook County, Illinois*, No. 96 C 1623, 1996 WL 145907, *1 (N.D. Ill. Mar. 27, 1996) (Shadur, J.).

To satisfy basic notice pleading, the plaintiff must set forth the basic facts giving rise to this lawsuit. In other words, he must indicate who violated his constitutional rights and how. No legal citations are required or desirable; furthermore, the court strongly urges the plaintiff to write out his claim in plain English. The court does not hold the *pro se* plaintiff to the same standards as an attorney; attempting to write in "legalese" will only serve to make the amended complaint incomprehensible.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, the plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint, plus judge's and service copies. The Clerk will provide the plaintiff with the necessary forms along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.