# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1124 | **DATE** | 4/19/2011 |
| **CASE TITLE** | Richard Miller (#2009-0034790) vs. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

The amended complaint is stricken. The plaintiff is granted thirty days in which to submit a second amended complaint (plus a judge's copy and service copies). The clerk is directed to send the plaintiff an amended complaint form and instructions along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case. **The plaintiff is once again reminded that he must provide the court with the original plus a judge's copy of every document filed.**

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

By Minute Order of February 23, 2011, the court directed the plaintiff to submit an amended complaint. The plaintiff has submitted a document captioned, "Amended Complaint;" however, it does not cure any of the previously-noted pleading deficiencies. The plaintiff still has not named a defendant that can be sued for damages. Furthermore, because the plaintiff failed to use the court's required form, the amended complaint does not indicate what relief he seeks, as required by Fed. R. Civ. P. 8(a). Finally, the court remains at a loss as to the basis for suit. The "amended complaint" is a series of legal phrases, devoid of any facts.

As the court already advised the plaintiff, he cannot sue the State of Illinois for damages. The Eleventh Amendment bars private litigants' suits against the State, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment. *See, e.g., Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). The plaintiff has not named a suable defendant.

The plaintiff should also be aware that the federal courts are largely prohibited from intervening in state criminal prosecutions. As a general rule, *Younger* abstention "requires federal courts to abstain from taking **(CONTINUED)**

| | mjm |
|---|---|

| STATEMENT (continued) |
|---|

jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Village of DePue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008), *quoting FreeEats.com v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2008); *see also Younger v. Harris*, 401 U.S. 37 (1971). The rule in *Younger* "is designed to permit state courts to try state cases free from interference by the federal courts." *Id.* If the plaintiff is seeking dismissal of state criminal charges, he must file an appropriate motion in his state criminal case.

Again, to satisfy basic notice pleading, the plaintiff must set forth the basic facts giving rise to this lawsuit. In other words, he must indicate who violated his constitutional rights and how. No legal citations are required or desirable; furthermore, the court strongly urges the plaintiff to write out his claim in plain English. The court does not hold the *pro se* plaintiff to the same standards as an attorney; attempting to write in "legalese" will only serve to make the amended complaint incomprehensible.

Finally, the plaintiff continues to ignore the court's repeated admonitions about basic filing requirements. The plaintiff must provide the court with the original plus a judge's copy of every document filed; he must also provide a sufficient number of copies of the second amended complaint for service on each named defendant. In the future, the court may strike without considering any document filed that fails to comport with this basic filing rule.

For the foregoing reasons, the court dismisses the amended complaint without prejudice. The plaintiff is granted thirty days in which to submit a second amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the second amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the second amended complaint, without reference to prior pleadings. Any exhibits the plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

In sum, the plaintiff must submit a second amended complaint, plus judge's and service copies. The clerk will provide the plaintiff with the necessary forms along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.